AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
☐ SUPERSEDING

—— OFFENSE CHARGED ——

18 U.S.C. § 1951 – Extortion Under Color of Official Right
18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

*E-filing*

PENALTY:   Per count: 20 years imprisonment; $250,000 fine; 5 years supervised release; $100 special assessment; forfeiture

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

FILED
2011 DEC 15 P 4:42

—— DEFENDANT - U.S ——

▶ STEPHEN TANABE

DISTRICT COURT NUMBER

CR 11 0941

SBA

—— PROCEEDING ——

Name of Complaintant Agency, or Person (& Title, if any)

FBI

☒ person is awaiting trial in another Federal or State Court, give name of court

Contra Costa County Superior Court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. ATTORNEY   ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
}

Name and Office of Person Furnishing Information on this form   Hartley M. K. West
☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Hartley M. K. West

—— DEFENDANT ——

**IS *NOT* IN CUSTODY**
  Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other charges
} ☐ Federal ☐ State
  If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No
} If "Yes" give date filed _____

DATE OF ARREST ▶   Month/Day/Year _____

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year _____

☐ This report amends AO 257 previously submitted

—— ADDITIONAL INFORMATION OR COMMENTS ——

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT

Bail Amount: No bail

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time: _____   Before Judge: _____

Comments:

# United States District Court

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

VENUE: OAKLAND

CR 11 0941

UNITED STATES OF AMERICA,

V.

STEPHEN TANABE,

DEFENDANT(S).

---

# INDICTMENT

18 U.S.C. § 1951 – Conspiracy to Extort Under Color of Official Right;
18 U.S.C. § 1951 - Extortion Under Color of Official Right;
18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture

A true bill.

_____
Foreman

Filed in open court this _____ day of

_____.

K. Seib                Clerk

Bail, $ _____

1 | MELINDA HAAG (CABN 132612)
United States Attorney

2

3

4

5

6

7

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10 | OAKLAND DIVISION

11

12 | UNITED STATES OF AMERICA, | ) | No. CR 11 0941 SBA
13 | Plaintiff, | ) | VIOLATIONS: 18 U.S.C. § 1951 –
Conspiracy to Extort Under Color of Official
14 | | ) | Right; 18 U.S.C. § 1951 – Extortion Under
Color of Official Right; 18 U.S.C.
15 | v. | ) | § 981(a)(1)(C) and 28 U.S.C. § 2461(c) –
Forfeiture
16 | | )
17 | STEPHEN TANABE, | ) | OAKLAND VENUE
18 | Defendant. | )
19 | _____ | )

20

21 | <u>I N D I C T M E N T</u>

22 | The Grand Jury charges:

23 |     1.    At all times relevant to this Indictment, the defendant, STEPHEN TANABE, was

24 | a Deputy with the Contra Costa County Sheriff's Office, assigned to work patrol in Danville,

25 | California. TANABE resided in Alamo, California.

26 | / / /

27 | / / /

28 | / / /

INDICTMENT

FILED
2011 DEC 15 P 4:42
E-filing

SBA

1 | COUNT ONE: (18 U.S.C. § 1951 – Conspiracy to Extort Under Color of Official Right)

2 |      2.     Paragraph 1of this Indictment is hereby re-alleged and incorporated by reference

3 | as if set forth in full herein.

4 |      3.     Beginning on a date unknown but no later than on or about November 2, 2010,

5 | and continuing through at least on or about January 14, 2011, in the Northern District of

6 | California and elsewhere, the defendant,

7 | STEPHEN TANABE,

8 | did knowingly and intentionally conspire to obstruct, delay, and affect commerce by extortion,

9 | that is, by obtaining property not due to him from another person, C.B., with C.B.'s consent, in

10 | exchange for making and arranging traffic stops and arrests for driving under the influence

11 | (DUI), under color of official right.

12 | MANNER AND MEANS OF THE CONSPIRACY

13 |      4.     Beginning on an date unknown but no later than November 2, 2010, a private

14 | investigator, C.B., agreed to conduct "stings" of husbands and ex-husbands (hereafter "targets")

15 | for female clients involved in divorce, child custody, and other family law disputes. In cases in

16 | which the clients advised that the targets had a tendency to drink, C.B. would arrange for an

17 | undercover employee to meet the target at a bar, direct the employee to entice the target to drink

18 | alcohol until he was intoxicated, and have a police officer waiting outside the bar to stop and

19 | arrest the target for DUI.

20 |      5.     As part of this scheme, TANABE agreed to and did participate in three DUI

21 | stings. In two stings, TANABE waited outside the bar for the targets, H.A. and M.K., to exit and

22 | then stopped the targets shortly after they drove off. In the third sting, TANABE arranged for

23 | another Deputy Sheriff to wait outside the bar, while TANABE remained inside the bar with

24 | C.B., monitoring the alcohol intake of the target, D.B. In all cases, the targets were stopped and

25 | arrested for DUI.

26 |      6.     As part of this conspiracy, TANABE falsely stated in his incident reports for

27 | arrests he conducted that he was on "routine patrol" at the time of the targets' arrests.

28 | ///

INDICTMENT                2

7.     In exchange for TANABE making DUI arrests and arranging for another officer to make arrests, C.B. compensated TANABE with cocaine and a firearm.

All in violation of Title 18, United States Code, Section 1951.

COUNT TWO: (18 U.S.C. §§ 1951 and 2 – Extortion Under Color of Official Right; Aiding and Abetting)

8.     Paragraphs 1 through 7 of this Indictment are hereby re-alleged and incorporated by reference as if set forth in full herein.

9.     Between on or about November 2, 2010, and on or about November 5, 2010, in the Northern District of California, the defendant,

STEPHEN TANABE,

did knowingly and intentionally aid and abet the obstruction, delay, and affect of commerce by extortion, that is, by obtaining property not due to him from C.B., with C.B.'s consent, in exchange for arranging a DUI stop and arrest of D.B., under color of official right, in violation of Title 18, United States Code, Sections 1951 and 2.

COUNT THREE (18 U.S.C. § 1951 – Extortion Under Color of Official Right)

10.    Paragraphs 1 through 7 of this Indictment are hereby re-alleged and incorporated by reference as if set forth in full herein.

11.    On or about January 9, 2011, in the Northern District of California, the defendant,

STEPHEN TANABE,

did knowingly and intentionally obstruct, delay, and affect commerce by extortion, that is, by obtaining property not due to him from C.B., with C.B.'s consent, in exchange for making a DUI stop and arrest of H.A., under color of official right, in violation of Title 18, United States Code, Section 1951.

/ / /

/ / /

/ / /

/ / /

INDICTMENT                                    3

1   COUNT FOUR: (18 U.S.C. § 1951 – Extortion Under Color of Official Right)

2       12.     Paragraphs 1 through 7 of this Indictment are hereby re-alleged and incorporated

3   by reference as if set forth in full herein.

4       13.     On or about January 14, 2011, in the Northern District of California, the

5   defendant,

6                               STEPHEN TANABE,

7   did knowingly and intentionally obstruct, delay, and affect commerce by extortion, that is, by

8   obtaining property not due to him from C.B., with C.B.'s consent, in exchange for performing a

9   DUI stop and arrest of M.K., under color of official right, in violation of Title 18, United States

10  Code, Section 1951.

11

12  FORFEITURE ALLEGATION: (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461)

13      14.     The allegations contained in this Indictment are realleged and by this

14  reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the

15  provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

16      15.     Upon a conviction for Counts One through Four, alleged above, the

17  defendant,

18                              STEPHEN TANABE,

19  shall forfeit to the United States any property, real or personal, which constitutes or is

20  derived from proceeds traceable to said offense, including but not limited to a sum of

21  money equal to the total proceeds from the commission of said offense;

22      16.     If, as a result of any act or omission of the defendants, any of said property

23          a.     cannot be located upon the exercise of due diligence;

24          b.     has been transferred or sold to or deposited with, a third person;

25          c.     has been placed beyond the jurisdiction of the Court;

26          d.     has been substantially diminished in value; or

27          e.     has been commingled with other property which cannot be divided

28                 without difficulty;

INDICTMENT                                    4

1  any and all interest defendants have in any other property up to the value of the proceeds

2  traceable to said offense, shall be forfeited to the United States pursuant to

3  21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461.

4       All in violation of Title 18, United States Code, Section 981(a)(1)(C); Title 28,

5  United States Code, Section 2461; and Rule 32.2 of the Federal Rules of Criminal

6  Procedure.

7

8

9  DATED: December *15*, 2011                    A TRUE BILL.

10

11                                              _____
                                                 FOREPERSON

12

13  MELINDA HAAG
    United States Attorney

14

15

16  MIRANDA KANE
    Chief, Criminal Division

17

18

19  (Approved as to form: _____ )
                              AUSA WEST

20

21

22

23

24

25

26

27

28

INDICTMENT                          5