1   MELINDA HAAG (CABN 132612)
    United States Attorney

2
    MIRANDA KANE (CABN 150630)
3   Chief, Criminal Division

4   HARTLEY M. K. WEST  (CABN 191609)
    Assistant United States Attorney

5
        450 Golden Gate Ave., 11th Floor
6       San Francisco, CA 94102
        Telephone: (415) 436-6747
7       Fax: (415) 436-7234
        E-Mail: hartley.west@usdoj.gov

8

9   Attorneys for Plaintiff

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                        OAKLAND DIVISION

13   UNITED STATES OF AMERICA,        )        No. CR-11-0941 SBA
                                      )
14        Plaintiff,                  )
                                      )        STIPULATION AND PROTECTIVE
15   v.                               )        ORDER REGARDING PRODUCTION OF
                                      )        DISCOVERY
16   STEPHEN TANABE,                  )
                                      )
17        Defendant.                  )
                                      )

18

19        The United States of America, by and through its attorney of record, and defendant

20   Stephen Tanabe, by and through his attorney of record, hereby stipulate and ask the Court to find

21   as follows:

22        1.      A federal grand jury has returned a four-count indictment charging Tanabe with

23   violations of extortion under color of official right and conspiracy to commit the same, under 18

24   U.S.C. § 1951.  One of Tanabe's co-conspirator's, C.B., is charged in another criminal case

25   pending before this Court (CR 11-0529 SBA), together with co-defendant Norman Wielsch.

26        2.      Counsel for Tanabe in this criminal case, Tim Pori, is also plaintiffs' counsel in a

27   civil lawsuit (CV 11-1502) against Wielsch, other police officers, and the Antioch Police

28   Department, which is where Tanabe, Wielsch, and C.B. used to work.  The Complaint alleges

     STIPULATION & [PROPOSED]
     PROTECTIVE ORDER RE: DISCOVERY

civil rights violations under 42 U.S.C. § 1983 and civil RICO violations under 18 U.S.C. §§ 1961-68.

3.     Some of the discovery materials in this criminal case may contain information that might be useful to the plaintiffs' in Pori's civil case.  The United States believes that the proposed protective order will reduce the risk that defense counsel's representation of Tanabe in this criminal case will improperly advantage his clients in the civil case.

4.     Accordingly, the parties jointly request that the Court order as follows:

a.     For purposes of this Order, the term "defense team" refers to: (1) the defendant; (2) counsel of record for the defendant; (3) defense investigators assisting the defense team with this case; (3) employees of, or contractors for, defense counsel; and (4) any expert witnesses who may be retained by the defense team or appointed by the court.

b.     Except as otherwise provided below, the defense team shall not permit anyone who is not a member of the defense team to have physical possession of the discovery produced in this case.  Nor shall the defense team divulge the contents of any discovery provided by the government, or information derived from that discovery, to anyone other than the defense team.

c.     The defense team shall not permit discovery provided by the government to be outside of the defense team's offices, homes, vehicles, or personal control.  The defense team may take discovery into a custodial facility, but, in that case, the discovery must remain in the physical presence of either defense counsel or a defense investigator at all times.

d.     The defense team shall not use, or authorize anyone else to use, the discovery produced by the government for any purpose other than the representation of Tanabe in this criminal case.

e.     The defense team shall return to the government all discovery provided by the government, if it has not already been destroyed by the defense, within 30 calendar days after any one of the following events, whichever occurs latest in time: dismissal of all charges against the defendant; the defendant's acquittal by court or jury; the conclusion of any direct appeal; the conclusion of the time for filing a petition for certiorari following a direct appeal; the expiration

STIPULATION & [PROPOSED]
PROTECTIVE ORDER RE: DISCOVERY     2

1  of the time period for filing a motion pursuant to 28 U.S.C. § 2255; the district court's ruling on

2  any motion filed pursuant to 28 U.S.C. § 2255; any appeal from the district court's ruling on a

3  motion pursuant to 28 U.S.C. § 2255; the conclusion of the time for filing a petition for certiorari

4  in the United State Supreme Court following the denial of an appeal from a collateral attack; or

5  the conclusion of any Supreme Court proceedings, or lower court proceedings following a

6  decision by the Supreme Court.  The government agrees to promptly notify defense counsel if it

7  believes that the relevant 30 day period has elapsed, and to give the defense team a reasonable

8  opportunity to return any discovery.  In the event that the defense team has made notes or marks

9  on the discovery constituting work product, the defense team shall return the materials to the

10  government in a sealed container labeled "WORK PRODUCT – DESTROY."

11            f.        The government may destroy the discovery after it is returned by the

12  defense team.

13            IT IS SO STIPULATED.

14                                                       Respectfully submitted,

15                                                       MELINDA HAAG
                                                         United States Attorney
16

17  DATED: 01/06/2012                         ___/s/_____
                                                         HARTLEY M. K. WEST
18                                                       Assistant United States Attorney

19
    DATED: 01/05/2012                         ___/s/_____
20                                                       TIM PORI
                                                         Counsel For Defendant
21

22                                              **ORDER**

23        FOR GOOD CAUSE SHOWN: The parties are hereby ordered to comply with the

24  conditions set forth in paragraphs 4(a)-(f) of this stipulation and order pursuant to Federal Rule

25  of Criminal Procedure 16(d)(1).

26

27  DATED:  1/17/12                            _____
                                                         HON. SAUNDRA BROWN ARMSTRONG
28                                                       UNITED STATES DISTRICT COURT JUDGE

STIPULATION & [PROPOSED]
PROTECTIVE ORDER RE: DISCOVERY        3