**TIM A. PORI (SBN 189270)**
**JOHN BAUMGARDNER (SBN 275674)**
Law Offices of Tim A. Pori
521 Georgia Street
Vallejo, CA 94590
Telephone: (707) 644-4004
Facsimile:  (707) 644-7528

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | Case No. CR-11-0941 CBR |
| ) | |
| Plaintiff,   ) | **DEFENDANT'S MOTION IN LIMINE** |
| ) | **No. 5 - EXCLUDE EVIDENCE OF** |
| v.   ) | **CUSTODY OR DIVORCE** |
| ) | **PROCEEDINGS FOR MR. BAULDRY,** |
| STEPHEN TANABE,   ) | **MR. KATZ, AND MR. AKSU** |
| ) | |
| Defendant.   ) | |
| ) | |
| ) | |
| _____/ | |

Defendant Stephen Tanabe, by and through his attorney of record, hereby moves this Court for an order excluding any and all evidence, references to evidence, testimony or argument relating to the status of the family law litigation involving Mr. Bauldry, Mr. Katz, or Mr. Aksu prior to and after their arrest for driving under the influence.

I.  **STATEMENT OF FACTS**

On or about August 7, 2013, the government provided a witness list to the defense which included a brief summary of the expected areas of testimony for the government's proposed witnesses. The witness list included Mr. Bauldry, Mr. Katz, and Mr. Aksu.

1

The government's summary for Mr. Bauldry, Mr. Katz, and Mr. Aksu stated that each would provide testimony regarding the circumstances leading up to their arrest for driving under the influence. The summary also stated that Mr. Bauldry, Mr. Katz, and Mr. Aksu would testify about the status of their divorce and custody proceedings before and after arrest.

II.   **POINTS AND AUTHORITIES**

A. **The Court Should Exclude Any Evidence Relating To The Family Law Litigation Involving Mr. Bauldry, Mr. Katz, and Mr. Aksu Because The Evidence Is Irrelevant And Immaterial To The Issues In This Action.**

Federal Rule of Evidence 402 states:

Relevant evidence is admissible unless any of the following provides otherwise:
• the United States Constitution;
• a federal statute;
• these rules; or
• other rules prescribed by the Supreme Court.
Irrelevant evidence is not admissible.

Federal Rule of Evidence 401 provides that "evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

As noted above, the government is seeking to introduce the testimony of Mr. Bualdry, Mr. Katz, and Mr. Aksu for the purpose of establishing their divorce and custody proceedings before and after their arrest. However, any testimony or evidence regarding the divorce and/or custody proceedings before and after the arrest of the government's witnesses is irrelevant and immaterial. In this case, Mr. Tanabe is charged with accepting bribes in order to conduct driving under the influence investigations and arrests. The specific circumstances surrounding any ongoing family law litigation does not make any fact more or less probable. Furthermore, these family law cases are not of consequence in determining this case. This evidence could only be used to make the jury sympathetic to these witnesses who were driving drunk. Under the

2

Fed.R.Evid. 401 and 402, the Court should exclude any evidence or testimony regarding the family law cases because it is irrelevant and immaterial to the charges in this case.

**B. The Court Should Exclude Any Evidence Relating To The Family Law Litigation Involving Mr. Bauldry, Mr. Katz, and Mr. Aksu Because The Probative Value Is Substantially Outweighed By The Danger Of Unfair Prejudice, Confusion Of Issues, And Undue Consumption Of Time.**

Fed.R.Evid.403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The district court is given wide discretion pursuant to Fed.R.Evid. 403 to exclude relevant evidence if there is a danger of unfair prejudice. The court must balance the probative value of the evidence with its likely prejudicial effect. *See, e.g., United States v. Martin*, 599 F.2d 880, 889 (9th Cir.1979). Fed.R.Evid. 403 recognizes that as the probative value of evidence decreases, the potential increases for it to be substantially outweighed by the dangers identified in the rule. *See Lucas v. Bechtel Corp.*, 800 F.2d 839, 849 (9th Cir.1986)

Evidence is unfairly prejudicial if it results in an "undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one" or "evidence designed to elicit a response from the jurors that is not justified by the evidence". *United States v. Ellis*, 147 F.3d 1131, 1135 (9th Cir. 1998). If the evidence has only slight probative value, it must be excluded even if there is only a "modest chance of unfair prejudice or a small risk of misleading the jury." *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir.1992).

In this case, the proffered evidence and testimony regarding the divorce and/or custody proceedings of Mr. Bauldry, Mr. Katz, and Mr. Aksu creates an undue risk of prejudice, confusion of the issues, and an undue consumption of time that substantially outweighs any

slight probative value of the evidence. This evidence will suggest that the jury find Mr. Tanabe guilty on the basis that he caused these men to lose the custody of their children or to lose more in their divorce proceedings. Moreover, the evidence appears to be an effort to evoke the jury's sympathy toward Mr. Bauldry, Mr. Katz, and Mr. Aksu by introducing an account of their misfortunes after being arrested for driving under the influence. Additionally, the jury may be confused about what Mr. Tanabe is being charged with in this case. The government will not argue that these men were not over the legal limit in California nor is Mr. Tanabe being charged with making illegal stops or arrests without probable cause. This case is based upon whether Mr. Tanabe received a Glock and cocaine for conducting these investigations and arrests. Therefore, the Court should exclude this evidence because it creates an undue risk of prejudice, confusion of the issues, and an undue consumption of time that substantially outweighs any slight probative value of the evidence.

**III. CONCLUSION**

Based on the foregoing, the Defendant respectfully requests that this Court exclude any reference, evidence, or testimony regarding the divorce and/or custody proceedings of Mr. Bauldry, Mr. Katz, and Mr. Aksu from before or after the arrest.

Dated: August 14, 2013                          Respectfully Submitted,

                                            LAW OFFICES OF TIM A. PORI


                                            /s/ Tim A. Pori_____
                                            TIM A. PORI
                                            Attorney for Defendant TANABE