**TIM A. PORI (SBN 189270)**
**JOHN BAUMGARDNER (SBN 275674)**
Law Offices of Tim A. Pori
521 Georgia Street
Vallejo, CA 94590
Telephone: (707) 644-4004
Facsimile:  (707) 644-7528

Attorneys for Defendant STEPHEN TANABE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. CR-11-0941 CBR |
|---|---|---|
| Plaintiff, | ) ) ) | **SUPPLEMENT TO DEFENDANT'S REPLY TO PROSECUTION'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NUMBER 3** |
| v. | ) ) | |
| STEPHEN TANABE, | ) ) | |
| Defendant. | ) ) ) | |

## INTRODUCTION

Defendant offers the following briefing for the Court's consideration in ruling on Defendant's motion in limine number 3.

///

///

///

///

///

1

# ARGUMENT

**A. The Court Should Not Exclude Evidence of Butler's "Other Acts" Because the Acts are Probative of Mr. Tanabe's Innocence and Not Offered as Propensity Evidence.**

1. <u>Evidence that Butler used other officers to make DUI stops without compensating them is admissible because it shows his motive, intent, identity, and common plan and scheme.</u>

In *U.S. v. Cohen,* 888 F.2d 770, 776, the court of appeals ordered a new trial because the trial court excluded evidence that the government's witness was capable of concocting and managing the fraud for which defendant was charged without defendant's participation. Faw was the government's primary witness who stated that the defendant participated in the charged fraud. On appeal, the court stated: "Evidence that [the government's witness] had the opportunity and ability to concoct fraudulent scheme without the aid or participation of the [defendant] was relevant to the issue of [defendant's] guilt. *Id.* That "no other practical means of demonstrating this point" was available to the defense and that the proposed evidence was not of "the type that would inflame the jury's senses" both weighed in favor of admission. In addition, the court cited *Huddleston,* where the U.S. Supreme Court noted that "Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence." 108 S.C t. at 1501. Taking all this together, because the proffered "evidence was crucial to the defense," its exclusion was an error. *Id.* at 776-777. "By preventing the introduction of relevant evidence of the prior conduct of an essential government witness," the court deprived defendant of presenting his defense and thus of a fair trial. *Id.* As such, there was no alternative but to order a new trial. *Id.*

Here, too, the only practical means of showing that Butler was capable of *concocting* and *managing* the fraud with which Mr. Tanabe is charged, without paying Mr. Tanabe, is by testimony of the officers who made DUI stops for Butler without being compensated. Butler's *opportunity* and *ability* to make such DUI stops is crucial to Mr. Tanabe's defense. Accordingly, this evidence, *crucial to the defense,* must be admitted; otherwise, Mr. Tanabe would be deprived of his right to present an adequate defense, and by extension, his right to a *fair trial. U.S. v. Cohen, supra,* 888 F.2d at 776-777.

///

## **CONCLUSION**

For the foregoing reasons, the defense requests that the Court admit evidence of Butler's other acts to afford Mr. Tanabe his right to present an adequate defense and fair trial.

Dated:  August 13, 2013                                       Respectfully submitted,


          /s/  Tim  A.  Pori_____
TIM A. PORI
Attorney for Defendant TANABE